UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>NICHOLAS A. CARTER, )<br>        Defendant. ) | Crim No. 1:18MJ28 |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Theodore C Nelson, being duly sworn state as follows:

### INTRODUCTION

1. I am a Special Agent of the Diplomatic Security Service (DSS), U.S. Department of State, assigned to the Special Investigations Division in Arlington, VA. I have been employed as a Special Agent with DSS since 2011. Prior employment includes serving as a Police Officer in the County of Prince William, Virginia, and as a Sergeant in the Stafford Sheriff's Office in Stafford, Virginia. I have a total of 16 years in Law Enforcement. As an investigator with the Special Investigations Division and law enforcement officer, I have worked a diverse array of crimes including investigations of death, sexual assault, rape, child physical abuse, child sexual abuse, and missing persons. My duties include investigating crimes committed by or against State Department employees and families, as well as crimes committed by or against U.S. Government personnel assigned to diplomatic and consular missions abroad. I have received specialized training at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA, Diplomatic Security Training Center (DSTC) in Dunn Loring, VA, Prince William Police Academy, and Rappahannock

Criminal Justice Academy. I am familiar with the duties and responsibilities of conducting investigations under Title 18 of the United States Code.

2. As a federal agent, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. The facts set forth in this affidavit are based on the following: my personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews of witnesses; my review of records related to this investigation; communications with others who have knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## PERTINENT STATUTES

4. I present this affidavit in support of a criminal complaint, charging NICHOLAS A. CARTER with violations of Title 18, United States Code, Section 2241(c), which prohibits any person within the special maritime and territorial jurisdiction of the United States from knowingly engaging in a sexual act with a person who has not attained the age of 12. Title 18, United States Code, Section 2246(2) defines a "sexual act" to include, among other things: (a) contact between the penis and the vulva or the penis and the anus; (b) contact between the mouth and the penis ; (c) the penetration, however slight, of the anal or genital opening of another by a hand or finger with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (d) the intentional touching, not

through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. Title 18, United States Code, Section 7(9)(B) provides that, with respect to offenses committed by or against a national of the United States, the "special maritime and territorial jurisdiction of the United States" includes residences in foreign States and the land appurtenant or ancillary thereto, irrespective of ownership, used for purposes of United States diplomatic, consular, military, or other United States Government missions or entities in foreign states, or used by United States personnel assigned to those missions or entities.

## JURISDICTION AND VENUE

5. NICHOLAS A. CARTER is a citizen of the United States and was born in 1979. As of January 2018, and at the time of the offenses described herein, CARTER resided in U.S. Embassy-leased housing in Reykjavik, Iceland, as a dependent of a U.S. government employee, (W1), who is stationed at the U.S. Embassy Reykjavik. CARTER is also employed by the U.S. Embassy Reykjavik as Community Liaison Officer.

6. On January 13, 2018, CARTER traveled via airplane directly from Reykjavik, Iceland, to Dulles International Airport in Chantilly, Virginia, which is located in the Eastern District of Virginia.

7. The juvenile victim described herein ("Minor 1") was born in 2010. He is also a citizen of the United States. CARTER, Minor 1 and W1 lived at the same Embassy-leased housing at the time of the offenses described herein.

## DETAILS OF INVESTIGATION

8. On January 13, 2018, W1 reported, in an interview with this affiant, that during approximately the summer of 2016, Minor 1 disclosed to W1 that Minor 1 had "sex" with CARTER, in the shower of their Embassy-leased home. At the time of the disclosure, Minor 1 was five-years old. According to W1, Minor 1 disclosed that CARTER had performed oral sex on Minor 1 and that Minor 1 had performed oral sex on CARTER. W1 did not disclose that information to law enforcement at that time.

9. In the course of this interview W1 further advised that on approximately January 11, 2018, Minor 1 disclosed to W1 that on one occasion Minor 1 had been with CARTER in the basement and that CARTER had masturbated and ejaculated in his presence and that CARTER had asked Minor 1 to put Minor 1's penis in his "butt." According to W1, Minor 1 also indicated that, during the incident, CARTER had shown him a video and had asked Minor 1 to taste his semen, which Minor 1 did.

10. On January 13, 2018, Minor 1 underwent a Child Forensic Interview in Arlington, Virginia, and disclosed sexual contact with CARTER in the basement of their government-leased housing in Reykjavik, Iceland. Minor 1 described CARTER masturbating and ejaculating in his presence. Minor 1 disclosed CARTER asked Minor 1 to taste his semen. Minor 1 indicated the semen tasted "sour" and "salty." During the interview, Minor 1 denied any oral or anal penetration had occurred with CARTER. Minor 1 stated CARTER instructed Minor 1 to answer "No" if anyone ever asked him about "being naked." The Child Forensic Interview was audio and video recorded.

11. On January 15, 2018, your affiant and another DSS Special Agent conducted a voluntary interview with CARTER at his temporary residence located in Arlington, Virginia.

CARTER stated he engaged in sexual activity with Minor 1. In particular, CARTER stated that he had: been naked with Minor 1 in the basement; masturbated himself while sitting on the couch with Minor 1; and that Minor 1 had masturbated CARTERS's penis. CARTER also admitted that there had been contact between Minor 1's mouth and CARTER's penis on one occasion, though he claimed this contact was both brief and unintended by him. CARTER also stated that he demonstrated oral sex to Minor 1, using a clear rubber penis. CARTER stated that he allowed Minor 1 to taste CARTER's semen after CARTER had ejaculated upon himself. CARTER stated Minor 1 was five-years old at the time. The interview was audio recorded.

12. On January 16, 2018, your affiant and DSS Special Agent Johnson conducted a second voluntary interview with CARTER at his temporary residence in Arlington, Virginia. CARTER disclosed that he had engaged in oral sex with Minor 1 approximately eighteen months ago in the basement of their government-leased housing in Reykjavik, Iceland., Specifically, CARTER stated he induced Minor 1 to perform oral sex on CARTER's penis once in the shower and twice in their basement. CARTER also stated that on one occasion he masturbated Minor 1's penis with two fingers, and on another occasion he placed his mouth on Minor 1's penis while both parties were in the shower. Additionally, CARTER again admitted that Minor 1 had masturbated CARTER's penis and at another time had tasted CARTER's semen. CARTER stated Minor 1 was five-years old at the time of the sex acts described herein. When asked by the affiant why his statements differed from the prior interview, CARTER stated he was ashamed.

## CONCLUSION

13. Based on the above information, there is probable cause to believe that defendant NICHOLAS A. CARTER violated Title 18, United States Code, Section 2241(c), which makes it a federal crime for any person to knowingly engage, in the special maritime and territorial jurisdiction of the United States, in a sexual act with a person who has not attained the age of 12 years.

Respectfully submitted,

Theodore Nelson
Special Agent
United States Department of State
Diplomatic Security Service

Subscribed and sworn to before me this day of January 22, 2018.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

The Honorable Theresa C. Buchanan
United States Magistrate Judge